United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————

No. 05-41736
Summary Calendar

—————————

UNITED STATES OF AMERICA

 Plaintiff - Appellee

 v.

JOSHUA JOB SOLIS-HERRERA

 Defendant - Appellant

———————————————————————————

Appeal from the United States District Court
for the Southern District of Texas, McAllen
USDC No. 7:05-CR-389-ALL

———————————————————————————

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

 Defendant-appellant Joshua Job Solis-Herrera ("Solis") appeals the sentence imposed upon his conviction for illegal reentry. Solis asserts that the district court erred in enhancing his sentence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on a Texas prior conviction for robbery. The parties disagree whether the proper standard of review is plain error or de novo.

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

We conclude that the result is the same under either standard of review.

Under § 2L1.2(b)(1)(A)(ii), a defendant's base offense level is increased by sixteen levels if he was previously deported after being convicted of a crime of violence. The Commentary to U.S.S.G. § 2L1.2 states that a prior conviction may qualify as a crime of violence if (1) it is one of the predicate offenses listed in that section or (2) it has as an element of the crime the use, attempted use, or threatened use of physical force against the person of another. U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). Robbery is an offense expressly listed as a crime of violence in the Commentary to § 2L1.2. § 2L1.2, cmt. n.1(b)(iii). Recently in United States v. Santiesteban-Hernandez, No. 05-50399, (5th Cir. filed Oct. 31, 2006), we held that the Texas robbery statute, § 29.02, qualifies as "robbery" for the purposes of U.S.S.G. § 2L1.2. The arguments raised by Solis are almost identical to the arguments made in Santiesteban-Hernandez and thus foreclosed. See id.

Solis also contends that 8 U.S.C. § 1326(b) is unconstitutional. He acknowledges that this argument is foreclosed by United States v. Almendarez-Torres, 523 U.S. 224, 235 (1998), but raises it to preserve it for further review. We have "repeatedly rejected arguments like the one made by [Solis] and . . . held that Almendarez-Torres remains binding despite Apprendi [v. New Jersey, 530 U.S. 466 (2000).]" United States v.

2

<u>Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir. 2005).  Solis's guilty-plea conviction and the sentence imposed are AFFIRMED.